UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PIERRE AUGUSTIN,

Plaintiff,

-against-

CAPITAL ONE US CARD,

Defendant.

**ORDER**

14-CV-179 (CBA) (VMS)

PIERRE AUGUSTIN,

Plaintiff,

-against-

ENHANCED RECOVERY CO., LLC,

Defendant.

14-CV-180 (CBA) (VMS)

PIERRE AUGUSTIN,

Plaintiff,

-against-

P&B CAPITAL GROUP, LLC,

Defendant.

14-CV-181 (CBA) (VMS)

PIERRE AUGUSTIN,

Plaintiff,

-against-

APEX FINANCIAL MGMT.,

Defendant.

14-CV-182 (CBA) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

On January 8, 2014, Plaintiff Pierre Augustin ("Plaintiff" or "Mr. Augustin"), appearing pro se, filed these four actions pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§1618 et seq.,[1] alleging that each Defendant obtained his credit report without his consent and for no permissible purpose. He seeks $1,000 from each Defendant. Plaintiff's applications to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915 are denied without prejudice as set forth below.

Under 28 U.S.C. § 1915, the Court may waive the $400 filing fee to commence a civil action upon finding that the plaintiff is indigent. See 28 U.S.C. §§ 1914-1915. The determination of whether a plaintiff qualifies for in forma pauperis status is within the discretion of the district court. See DiGianni v. Pearson Educ., No. 10 Civ. 206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010). A complaint may be dismissed if the plaintiff intentionally misrepresents his financial status in his application for IFP status. See Choi v. Chem. Bank, 939 F. Supp. 304, 308 (S.D.N.Y. 1996).

Here, Plaintiff's IFP applications state that he has earned no income whatsoever over the past twelve months, whether from employment, government benefits, gifts or "[a]ny other sources." IFP Application at 1, ECF No. 2 (filed as ECF No. 2 in each of the above-captioned

---

[1] Plaintiff has filed eight other FCRA complaints in this Court: Augustin v. Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Feb. 12, 2014) (ECF No. 17) (voluntarily dismissed); Augustin v. Midland Credit Mgmt., No. 12 Civ. 6071 (CBA) (VMS) (E.D.N.Y. Jan. 7, 2014) (ECF No. 23) (voluntarily dismissed); Augustin v. Receivables Perform Mgnt, No. 12 Civ. 6068 (CBA) (VMS) (E.D.N.Y. Aug. 19, 2013) (ECF No. 9) (voluntarily dismissed); Augustin v. Calvary Portfolio Svcs, No. 12 Civ. 6067 (CBA) (VMS) (E.D.N.Y. June 10, 2013) (ECF No. 8) (voluntarily dismissed); Augustin v. Portfolio Recovery Assocs., LLC, No. 12 Civ. 6070 (CBA) (VMS) (E.D.N.Y. Feb. 6, 2013) (ECF No. 7) (voluntarily dismissed); Augustin v. Experian, No. 12 Civ. 3804 (CBA) (VMS) (E.D.N.Y. Jan. 11, 2013) (ECF No. 14) (voluntarily dismissed); Augustin v. Transunion, No. 12 Civ. 3805 (CBA) (VMS) (E.D.N.Y. Dec. 13, 2012) (ECF No. 18) (voluntarily dismissed); Augustin v. Equifax, No. 12 Civ. 3803 (CBA) (VMS) (E.D.N.Y. Nov. 1, 2012) (ECF No. 11) (voluntarily dismissed).

cases). Plaintiff has not provided sufficient detail upon which the Court may assess his financial situation. In previous cases, Plaintiff has been informed that his IFP applications must include sufficient information for the Court to make an informed assessment. See Midland Credit Mgmt., No. 12 Civ. 6071 (CBA) (VMS) (E.D.N.Y. Jan. 22, 2013) (ECF No. 4) (the District Judge denied Mr. Augustin's request for IFP status without prejudice, based on his failure to provide sufficiently detailed financial information); Portfolio Recovery Assocs., LLC, No. 12 Civ. 6070 (CBA) (VMS) (E.D.N.Y. Jan. 22, 2013) (ECF No. 4) (same); Equable Ascent Fin., No. 12 Civ. 6069 (CBA) (VMS) (E.D.N.Y. Jan. 22, 2013) (ECF No. 4) (same); Receivables Perform Mgnt, No. 12 Civ. 6068 (CBA) (VMS) (E.D.N.Y. Jan. 22, 2013) (ECF No. 4) (same); Calvary Portfolio Svcs, No. 12 Civ. 6067 (CBA) (VMS) (E.D.N.Y. Jan. 22, 2013) (ECF No. 4) (same). Additionally, if Mr. Augustin has received income from the resolution of the several FCRA actions he voluntarily dismissed between November 1, 2012 and the filing of the above-captioned Complaints, that income must be disclosed, as appropriate under any settlement agreement. See supra note 1.

**CONCLUSION**

Plaintiff's four IFP applications are denied without prejudice to renew. Within fourteen days of the filing of this Order, as to each action, Plaintiff must either pay the filing fee or file an amended IFP application bearing the applicable docket number for the respective action. Any amended IFP applications must contain detailed information as to income Plaintiff received from any sources within the past twelve months. No summons shall issue at this time, and all further proceedings shall be stayed for fourteen days. If Plaintiff fails to comply with this Order, the Magistrate Judge will recommend that the District Judge dismiss the action or actions in which Plaintiff failed to comply.

SO ORDERED.

Dated: Brooklyn, New York
March 6, 2014

*Vera M. Scanlon*

VERA M. SCANLON
United States Magistrate Judge